UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUANE H. EDWARDS,

    Petitioner,

vs.                                          Case No. 8:05-cv-1418-T-17MSS

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.

## **ORDER**

THIS CAUSE is before the Court on Edwards' 28 U.S.C. § 2254 petition for writ of habeas corpus. Respondent filed a response in opposition to the petition. Edwards did not file a reply. Edwards challenges his conviction and sentence entered by the Circuit Court for the Fifth Judicial Circuit, Hernando County, Florida.

FACTUAL AND PROCEDURAL STATEMENT

On March 2, 2004, Edwards entered a plea of guilty to violation of the terms of his probation for the offense of failure to register as a sex offender. (App. A) Pursuant to a plea bargain, Edwards was sentenced to 39 months incarceration. (App. B). Edwards did not pursue a direct appeal. Edwards filed a "Motion to Vacate, Set Aside, or Correct Sentence" in accordance with Florida Rule of Criminal Procedure 3.850 on March 22, 2005. (App. C)

In this motion, Edwards alleged that counsel was ineffective by failing: (1) to object to "invalid" prior convictions being used on the criminal punishment scoresheet and (2) to object to the use of prior convictions for purposes of enhancing his potential penalty as the use of prior convictions violates the federal constitutional prohibition on double jeopardy. (App. C). The motion was denied on April 14, 2005. (App. D).

A notice of appeal was filed on May 2, 2005. (App. E). Edwards argued on appeal that "a plea of nolo contendere cannot be used in any civil or criminal proceeding." (App. F). The Fifth District Court of Appeal per curiam affirmed on June 7, 2005. *Edwards v. State*, 903 So. 2d 948 (Fla. 5th DCA 2004). (App. G). Mandate was issued June 24, 2005. (App. G).

On July 26, 2005, Edwards filed the instant petition, contending that trial counsel was ineffective for failure to object to invalid prior convictions used on the criminal punishment code scoresheet. The petition is timely.

PROCEDURAL DEFAULT/PROCEDURAL BAR/EXHAUSTION

Edwards' ineffective assistance of counsel claim in this habeas petition was raised in state court in his post-conviction filing. A federal habeas corpus petitioner "is required to provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Walker v. Dugger*, 860 F.2d 1010, 1011 (11th Cir. 1988), *cert. denied*, 489 U.S. 1029 (1989); *see also Duncan v. Henry*, 513 U.S. 364 (1995)(if a state prisoner wants to claim a due process violation, he must make that claim not only in federal court but in state court as well).

"[O]nly claims that were raised as federal constitutional issues before the state courts have been exhausted in the state courts." *Snowden v. Singletary*, 135 F.3d 732, 736

n.4 (11th Cir.), *cert. denied*, 525 U.S. 963 (1998). In order to properly raise a claim in federal habeas, the precise issues set forth in the federal petition must have been presented to the state courts. *Heath v. Jones*, 863 F.2d 815, 818 (11th Cir. 1989). Edwards appears to have made this same federal constitutional claim in state court.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

## Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

DISCUSSION

Edwards contends that the use of his prior convictions in scoring his present offense was improper and that his attorney's failure to object to that use rendered counsel's assistance ineffective.

Edwards argues that Section 90.410, Florida Statutes, disallows the use of a plea of nolo contendere in any criminal prosecution.[1] Edwards incorrectly reads this to mean that in no instance may a conviction based on a nolo contendere plea be used in any fashion in any later proceeding. Edwards asserts that he pled nolo contendere to certain previous charges for which he was convicted and that evidence of those nolo contendere based convictions should not have been considered in calculating the applicable minimum guidelines sentence in the instant case. Based on this erroneous position, Edwards argues that his counsel was ineffective for failing to object to the use of this prior convictions.

"Because one entering such a plea [of nolo contendere] does not admit guilt, evidence of the plea is irrelevant *unless that plea results in a conviction*, i.e., an adjudication of guilt. *See Charles W. Ehrhardt, Florida Evidence* §§ 410.1, at p. 234 (1997)." *Raydo v. State*, 696 So. 2d 1225, 1226 (Fla. 1st DCA 1997) partially quashed on other grounds, *State v. Raydo*, 713 So. 2d 996 (Fla. 1998). It is here that Edwards' argument that the prior convictions are inadmissible fails. Under Florida law, a prior conviction based on a nolo contendere plea, even if adjudication is withheld, is a conviction to be considered for scoresheet calculation. *See Montgomery v. State*, 897 So. 2d 1282

---

[1] Section 90.410, entitled "Offer to plead guilty; nolo contendere; withdrawn pleas of guilty" reads, in pertinent part: Evidence of a plea of guilty, later withdrawn; a plea of nolo contendere; or an offer to plead guilty or nolo contendere to the crime charged or any other crime is inadmissible in any civil or criminal proceeding.

(Fla. 2005). *See also* Chapter 921, Florida Statutes (providing that prior convictions are scored on the sentencing guidelines worksheet in computing a defendant's sentence).

Under state law, Edwards' prior convictions based on nolo contendere pleas were properly calculated on the scoresheet when he was sentenced for the instant offense. Counsel did not err when he did not object to the use of those priors. Counsel's performance was not deficient. Edwards has failed to show the first prong of *Strickland.* In order to be successful, Edwards must meet both the deficient performance and the prejudice prongs. *Id.,* 466 U.S. at 687. Since Edwards has failed to show deficient performance, Edwards' claim is meritless.

Accordingly, the Court orders:

That Edwards' petition is denied, with prejudice. The Clerk is directed to enter judgment against Edwards and to close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to

proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 8, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Duane H. Edwards